I respectfully dissent.
In this case, one could conclude that Price had instructed Johnson to leave the baler running while the cyclone and paper feed chute were being unclogged. These instructions were given even though Price had been informed by others who were trained in the operation of the baler that the correct procedure for unclogging the cyclone included deactivating the baler and opening a side access door; Johnson himself had informed Price of the danger of leaving the baling machine running while employees were on the roof unclogging the cyclone.
In Reed v. Brunson, 527 So.2d 102, 120 (Ala. 1988), this Court stated that in order for the case to be submitted to the jury, pursuant to § 25-5-11, either of the following must be shown: (1) "the reason why the co-employee defendant would want to intentionally injure the plaintiff," or (2) that a reasonable man in the position of the defendant would have known that injury to another was substantially certain to follow from his actions.
The plaintiff has met the second alternative requirement ofReed, and summary judgment was, therefore, improper.
JONES, J., concurs.